OPINION
Appellant, Robert J. Barth, appeals his conviction issued by the Mentor Municipal Court, finding him guilty of driving under the influence of alcohol or drugs, a violation of R.C. 4511.19(A)(1), a misdemeanor of the first degree.
On October 30, 1998, at approximately 1:30 a.m., Patrolman Scott Tkach of the Mentor Police Department was on routine patrol in Mentor, Ohio. While driving on Market Street, he noticed a car with its lights on parked in the lot of Hills Department Store. As he drove up to the car, he observed a man in the driver's seat with his head tilted back and a cowboy hat over his face. Patrolman Tkach decided to investigate and called for backup; shortly thereafter, Patrolman Stirewalt arrived at the scene. When Patrolman Tkach approached the driver's side of the vehicle, he noticed that the car's engine was running. He knocked on the window three or four times until appellant began to move around a little bit. Patrolman Tkach proceeded to open the door to the car and ask appellant if he were okay. Appellant responded, "I guess so." After the officer opened the door, he noticed a strong odor of alcohol and that appellant's eyes were glassy and bloodshot. He asked appellant for identification, which appellant could not produce. Appellant then gave the officer his name and recited his social security number without the middle two digits. When asked how much alcohol he had consumed, appellant told the officer that he had drunk six or seven beers.
Patrolman Tkach then asked appellant to exit his vehicle so that he could perform some field sobriety tests. Appellant told the officer that he did not want to perform any tests and refused to exit the car. After the officer grabbed appellant's arm, appellant came out of the car; however, appellant refused to cooperate and eventually told the officer to arrest him.
Appellant was subsequently charged with driving under the influence of drugs or alcohol, in violation of R.C. 4511.19, and driving under suspension, in violation of R.C. 4507.02. On December 30, 1998, appellant filed a motion to suppress evidence obtained by the Mentor Police Department, which was denied after hearing. On February 8, 1999, appellant filed a motion to sever the driving under suspension charge from the driving under the influence charge. The trial court denied this motion, and a jury trial commenced on March 4, 1999. The jury returned guilty verdicts on both charges, and the trial court sentenced appellant accordingly. From this judgment, appellant assigns the following errors:
 "[1.] The trial court erred in denying appellant's motion to suppress evidence because the evidence was obtained as the result of an unreasonable investigatory search and seizure in violation of appellant's rights under Article I, § Fourteen of the Ohio Constitution and the Fourth
and Fourteenth Amendments to the United States Constitution.
 "[2.] The trial court committed an abuse of discretion by refusing appellant's motion to sever trial, or in the alternative, motion to try driving under suspension charges outside the hearing of a jury, as allowing the jury to hear evidence of appellant's license suspension unfairly prejudiced appellant's defense to the charges of driving under the influence.
 "[3.] Appellant's conviction for driving under the influence should be overturned and his case remanded for a new trial as the jury's verdict was against the manifest weight of the evidence."
 In appellant's first assignment of error, he alleges that the trial court erred by refusing to grant his motion to suppress evidence. He contends that Patrolman Tkach did not have reasonable suspicion to believe that appellant was engaging in criminal activity before conducting an investigatory stop. Appellant maintains that the officer effectuated an illegal stop as soon as he opened the door of his car without his permission.
Before an officer's actions will be scrutinized under the Fourth Amendment, it must be shown that the individual was "seized." Terry v. Ohio (1968), 392 U.S. 1, 88 S.Ct. 1868. Not all interactions between police officers and citizens involve seizures of persons. Id. at fn. 16. A police officer may approach an individual in what is known as a consensual encounter, which is not a seizure for Fourth Amendment purposes. Florida v.Bostick (1991), 501 U.S. 429, 111 S.Ct. 2382. The hallmark of a consensual encounter is that a reasonable citizen must feel "free to decline the officers' requests or otherwise terminate the encounter." Id. at 439. A "seizure" occurs "only if, in view of all the circumstances surrounding the incident, a reasonable person would have believed he was not free to leave." UnitedStates v. Mendenhall (1980), 446 U.S. 544, 100 S.Ct. 1870.
While the mere approach and questioning of persons seated within parked vehicles does not constitute a seizure, seeState v. Welz (Dec. 9, 1994), Lake App. No. 93-L-137, unreported, a consensual encounter ripens into a seizure when a police officer shows his authority by opening the door to the occupant's car without his permission. Mentor v. Walker (Dec. 30, 1988), Lake App. No. 12-243, unreported. In Walker, this court concluded that an officer had seized the occupants of a vehicle by opening the door to a parked vehicle that he had approached. We wrote:
 "While, in the instant case, there did not have to be any reason for making the initial intrusion by approaching the car, something more is required when the approach * * * becomes a detention. * * * The moment the officer took hold of the door handle, and opened the car door, the occupants were no longer free to go." Id.
 In the instant case, appellant's behavior was less suspicious than the behavior of the occupants of the vehicle in Walker, which included a great deal of movement between two people. Because a reasonable person in appellant's situation would not have believed that he was free to leave, appellant was seized from the moment that Patrolman Tkach opened the door to his car.
Under the dictates of Terry, an officer may not seize an individual unless he possesses a reasonable suspicion based on articulable facts that the individual is involved in criminal activity. Terry, 392 U.S. at 21. In the instant case, Patrolman Tkach did not purport to believe that appellant was committing a crime when he opened the door to appellant's car. At the suppression hearing, Patrolman Tkach merely testified that he knocked on the car's window three or four times before appellant began to stir and then he opened the door and asked if appellant were okay. Until the officer opened the door, smelled the odor of alcohol, and saw that appellant's eyes were bloodshot, he did not have reasonable suspicion to believe that appellant had been driving under the influence of alcohol. The presence of the vehicle in the parking lot, without more, does not constitute reasonable suspicion to support a warantless seizure. Because the officer had no reasonable suspicion to believe that appellant was committing a crime before he opened the door to his car, the officer's seizure of appellant violated the Fourth Amendment. The trial court erred by refusing to grant appellant's motion to suppress. Appellant's first assignment of error has merit.
We do not need to address appellant's second and third assignments of error because they are rendered moot based upon the conclusion that the evidence against appellant should have been excluded from appellant's trial.
For the foregoing reasons, the judgment of the Mentor Municipal Court is reversed, and this cause is remanded for proceedings consistent with this opinion.
 ________________________________ ROBERT A. NADER, PRESIDING JUDGE
FORD, P.J., concurs with concurring opinion, O'NEILL, J., dissents with dissenting opinion.
 CONCURRING OPINION